May it please the court. Counsel, my name is Jason Holden and I represent the defendant appellant Bradley Charles Fisher. Good morning. The heart of Mr. Fisher's appeal focuses on his inability to present his theory of the defense to the jury. That is the lesser included offense of willful failure to pay under 26 U.S.C. 7203. Doesn't an instruction require substantial evidence upon which the jury can find consistent with the instruction? I don't believe that the standard is substantial evidence, Your Honor. I believe what Dittar really talks about is that there needs to be some evidence. Some evidence. I'm sorry. I misspoke. Some evidence sufficient for a rational juror to find consistent with the theory. Some evidence to suggest that while Mr. Fisher was guilty of the lesser included offense, he did not commit the greater offense, which would have been a willful attempt to evade or defeat the payment of tax. Well, not a willful attempt, but a purposeful attempt. Yes, Your Honor. The evidence wasn't the evidence that he specifically lied as to his assets and specifically concealed assets. How can that be reckless failure to pay taxes? Your Honor, I think that's really the heart of the defense in this case. It wasn't just the alleged nondisclosure on the tax information collection statement. It was also that disclosure combined with the sale of the assets. And that's why I point out that on the very asset that the government continued to bring in front of the jury, the red 1967 Corvette, while that was on the accurate report, and although it was not on the tax information collection statement, when Mr. Fisher sold that asset, his beloved 1967 Corvette, he then immediately made one payment of tax on the installment tax agreement for $3,915. He sold it November 29th, 2006, and then made that payment on December 1, 2006. And what Dattar teaches is that when you have a district court. Excuse me. Just to clarify on the Corvette, I think he lied or misstated what he sold some of his assets for. Was that one of them? Well, if you're talking about the bankruptcy proceeding, Your Honor, that was one of the assets. But that's really after the fact. If the government's really focused on the disclosure and the sale, the bankruptcy proceeding, which happened after the fact, he said he sold it for roughly, I think, $25,000, when in fact I believe he had sold it for $30,000 or $35,000. Either way, he underquoted the amount that he sold it for, Your Honor. Yes. You say it's after the fact. In other words, that wasn't part of the evidence before the jury? It was evidence before the jury, Your Honor. But I think what I mean by after the fact is that Agent Murray and the government's theory of the case wasn't solely to rely on the bankruptcy proceeding as it relates to the nondisclosure. That's how Agent Murray found out about the Red Corvette, according to his testimony. I'm just having a little trouble. You're saying, well, look, he wasn't really trying to evade taxes. He was understating. Well, that's not what the bankruptcy proceeding was about. I know it was listing assets and the like. Yes. Okay. All right. I understand, Your Honor. When he sold the Corvette, he made a tax payment. He didn't make a payment. Two days later. And I think what's important about this case, Your Honors, is that the willfulness and then the separate requirement of an attempt to evade or defeat payment is dependent upon the sale of the undisclosed asset. And the government here admits in its briefing that the sale was a part of its case, albeit a small part, but still a part of the case. And what Dattar teaches is that we ought not weigh the evidence. All that is required for a defendant to do is present some evidence. And here a rational jury could have concluded that while we do have the undisclosed 1967 Corvette, his payment of the tax from that sale clearly reflects a gentleman who was not selling those assets in an effort to evade or defeat payment. And, in fact, in addition to that evidence. How does it show a willful failure to pay taxes? It doesn't. And that's why, well, I'm sorry. I agree with you. No. Well, because he didn't pay all of it. He didn't pay all of it. And so that evidence is still consistent with the lesser included offense because he only made a partial payment. And remember that the willful failure to pay, there was a tax owing when he sold the vehicle. It's still consistent with the lesser included offense, Your Honor. Which is willful failure to pay. And is it undisputed, and I can ask your counsel over here for the government, but is it undisputed that willful failure to pay is a lesser included of willful or attempt to evade income tax? I believe so, Your Honor. And I think that's what Dattar teaches as well. And I think the briefing clearly reflects that we're all of a like mind that willful failure to pay is a lesser included offense. So your argument is because he paid part of the tax, that is evidence the jury could say he was sort of reckless and willful in not paying all of the tax. Yes, Your Honor. And it's not an act to evade or defeat payment. By selling the vehicle, it was not an act to evade or defeat payment. This was not an evasion of assessment case. This was an evasion of payment case. And it's not just the nondisclosure that's relevant. It's the nondisclosure combined with the sale of the asset. And that's what the instruction for 7201 talks about. In order to be convicted of 7201, the element requires that the government prove that the defendant made an affirmative attempt to evade or defeat payment of the tax. And he would not have been able to evade or defeat payment of the tax without the sale of the vehicles because the vehicle still would have been subject to levy and then the payment of the tax would have been made if the levy had been. Not if he lied about the existence of the vehicles. No, Your Honor. I disagree because there was still an opportunity to obtain the vehicles. There was still an opportunity to obtain the vehicles. It is the combination of the nondisclosure with the sale. And we see that with the boat. We see that with the boat. The government didn't emphasize at trial solely the nondisclosure of the boat or disclosure of the boat. And what I say by that is that Mr. Fisher did disclose the boat, although he didn't do it right away. He disclosed it after Agent Murray was able to obtain some records and see that a boat payment was being made. And on September 1, Mr. Fisher did disclose the boat. But what was significant about the government's case in that was the sale of the boat, the sale of the boat where he reaped $17,000 in equity. And so you have to recognize that where the sale component of the vehicles and the assets was a part of the case, Mr. Fisher should have been able to present his theory of the defense, which was I didn't sell those assets to defeat payment because I paid a part of my tax obligation when I sold the 67 Corvette. And, Your Honor, the error here was not harmless. Mr. Fisher's theory of the defense was not 7207 where he, you know, provided a false document to the government. If anything, that undermined his theory of defense for trial, and I will reserve the one minute I have left for rebuttal. Thank you, Your Honors. You didn't file a reply brief to make that harmless error point, did you? I did not, Your Honors. Okay. Good morning, Your Honors. Chad Sprager for the United States. May it please the Court. The district court did not abuse its discretion in declining to give the defendant one of his requested lesser-included jury instructions. Well, the other one, was it really a lesser-included? I mean, it was a lesser offense, but did it fit the subset standard that we've set here? I believe so, and I believe the Supreme Court's decision and Bishop did find that it was a lesser-included offense. And that was the willful false statement? Yeah, that is a willful false delivery of a false document to the IRS. And you say that's, Bishop said that that's a lesser-included offense, a willful? I'm going to give the Court the citation, if it would like. Well, is your point that because an instruction was given on 7207, an instruction need not be given on 7203? That is a harmlessness argument. I don't believe that it changes the Court's analysis as to whether a 7203 instruction was proper. The government's position is that because the defendant did receive an instruction for 7207, it shows that the jury in this case was not looking to reach a compromise verdict, as the Court noted in Hernandez. But that lesser-included offense I don't think addresses the explanation or the defense that your co-counsel here was arguing. With respect to the payment made and the vehicles. So I'm not sure that that works exactly. But let me ask you, you know, isn't a lesser-included offense instruction required where a rational jury could convict the defendant of the lesser offense and acquit of the greater offense? And I'm just wondering, isn't that the case here? Could the jury have said, okay, he made these payments and he explained why he made these payments, so he really wasn't trying to evade, but we could. And, you know, there's a lot of evidence to the contrary, but that's not for us or you to decide. But couldn't the jury weigh that and say, oh, maybe it was just willful failure to pay? That is the correct standard. And I apologize. It was the Sansone case I found that 7207 was a lesser-included offense. And as far as your question that whether the defendant was able to present the theory of the case that he wanted to make regarding whether he, in fact, willfully intended to evade his taxes was made to the jury. The element of willfulness, as stated in the Bishop case, is the same as throughout all the criminal tax statutes. I'm saying I don't know that I'm following you. So you're saying because you gave the 7207, it's fine? As to harmlessness, I do believe the court still needs to consider the issue about whether a rational jury could have found that the element contained in the greater offense that the government had not established that. And the evidence presented at trial didn't support any inference in our mind that the defendant didn't repeatedly lie to the IRS about his assets. It doesn't matter if it's supported in your mind. Right. What matters is that it supports in the jury's mind. I understand that. I mean, even if you had given the greater offense of the 7203, you know, the jury could have come back with the greater offense. But I think our law says that if there's a factual basis to support the lesser you give it. And I don't know that if you have 7207, then why would you, you know, if you say, well, why do you even have a 7201? I mean, it's all the same. I don't think that works in terms of harmlessness. Well, as far as harmlessness, I think it just goes to whether the jury was seeking to reach a compromise verdict. And I do believe with you, Judge McGeehan, that you do need to consider whether a rational jury could have found that the government had not established that greater element. And that is the appropriate standard, and the standard that the district court applied in determining that no rational jury could reach that conclusion. Isn't the standard whether there was evidence in this case upon which a rational jury could find a lesser-included crime of 7203? I'm sorry, Your Honor? Isn't the question, rather, was there evidence in this case from which the jury could find a lesser-included crime of 7203 and acquit on 7201? Yes. It can be phrased various ways. Do you want to address that question? Do you think that the evidence under 7201 rationally excludes a finding under 7203? No, I don't believe so. Then you should concede error. No, I don't. What I'm saying is that if a juror were to find all the elements of 7203, that doesn't necessarily mean that they have to find, well, there is an additional element within 7201. That's the crux of this appeal. The issue is whether a rational juror could have found that the government had not established that particular element. That's the affirmative act. Correct, yes. And the evidence at trial was not just this was concealing of assets. In fact, there were many evasive acts. And although I think the selling of assets that the defendant had previously not disclosed to the IRS could qualify as an act of concealment, the other acts that were alleged in the indictment and proven in trial were not disputed. There was no dispute that the defendant lied during his May 9, 2006, meeting with Revenue Officer Murray that after being asked, after providing his vehicles, that he didn't own any other vehicles. In fact, the defendant owned a 1967 Corvette, a 1974 Chevy Nova, a 1999 Tahoe, a 1996 Sierra truck, and a 2004 Chopper Boat. In April 2007, the defendant submitted a collection information statement that did not disclose that he had just purchased a 2007 Silverado truck for $30,000 five weeks prior. Also in April 2007, he lied to Revenue Officer Murray when he said that his boat was encumbered to the extent of his value, when in reality he received $17,000 two months later from the sale of that boat. I'm stating that to support exactly what point. I want to make sure I understand. What are you saying that supports? That evidence shows that there was no rational dispute that the defendant lied to the IRS. And the district court did not abuse its discretion in finding that a rational juror cannot find that the likely effect of those actions were to mislead or conceal the IRS. But that still doesn't, I mean, I can't understand. I'm not sure if you're arguing harmlessness when you say that. No, not at all. You're arguing that what, it wasn't a lesser included offense? No, we're conceding it's a lesser included offense. Okay. Then you're arguing that the evidence was? That no rational juror could have found that the defendant did not commit affirmative acts of evasion, which is the element contained in the greater offense. What about your little friend's argument that when he sold the Corvette he paid part of it in taxes so that a jury could find that his concealment of the Corvette plus the sale and delivery of the money, not in the full amount, was simply a reckless failure to pay the full amount? And it's possible the jury could have found that on that particular action of the defendant. But that's all that's needed then for the lesser included offense to go back. I don't agree with that, for the reason being that the principles of pleading is that we plead in the conjunctive and prove in the disjunctive. And if a affirmative act was proved so that no rational juror could find that that was not an affirmative act, the government has proved that element. In many cases the government will prove a number of false statements, say in a wire fraud case or in a tax evasion case, any of those which will establish the affirmative act of evasion. And there was no dispute that the defendant lied repeated to the IRS. The fact that there was other actions of the defendant that were not so obvious doesn't eviscerate the fact that the government had proved that he had lied to the IRS repeatedly and that the likely effect of those actions would be to mislead or conceal. I would also direct the court's attention to the case of United States v. Sanson, where under nearly identical facts, the Supreme Court found that because there was no dispute that the defendant filed a false return, there was an affirmative act of evasion established. Here, similarly, there was no serious dispute that the defendant repeatedly lied to the IRS. Under the case United States v. Bishop, the same element of tax evasion and willful failure to pay is contained in the term of willfulness. Therefore, the only element that was at play in Sanson, as was here, was whether the defendant committed that affirmative act of evasion. And in this case, a rational jury simply couldn't hear the evidence of all the defendant's lies and find that the effect to have the likely effect to mislead or conceal. I have noted in the government's brief that it does appear that Dattar, I see I'm over my time, but I will certainly entertain any more questions by the court if you would like. Why don't you finish your statement about Dattar? Dattar applied a standard of willfulness that was not in conformance with the Supreme Court's decision in Bishop. In Dattar, the court stated with regard to willfulness in the 7203 and 7201 context that the willfulness involved in failing to pay the tax when due resources being available is not enough. For a felony conviction, there must be proof of willfulness in the sense of a specific intent to evade or defeat the tax or its payment. In the Supreme Court's decision in Bishop, however, the court stated that the word willfully possesses the same meaning in 7201, 7203, and 7207. Sansone thus foreclosed the argument that the word willfully was to be given one meaning in the tax felony statutes and another meaning in tax misdemeanor statutes. While the government believes that Dattar can be distinguished on its facts, it is apparent that the court in that decision applied a different standard of willfulness as the decision in Bishop created that a willful act must be only one and that is a voluntary and intentional violation of a known legal duty. The defendant had full opportunity to argue the issue of willfulness at trial. The defendant, however, heard the evidence of his many acts of evasion and his long history with the IRS and found that he was, in fact, guilty of that offense. Thank you. Thank you. Do you wish to use rebuttal? Your Honor, the element of evasion for the payment of tax cannot be satisfied here where the very asset the government says he concealed, Mr. Fisher concealed to evade the payment, was used to pay the tax. And a jury could have rationally relied on that fact to conclude that Mr. Fisher was, in fact, guilty of 7203 but not guilty of 7201. And what we're doing here is we're weighing all of the evidence. That is not our role. That is solely the exclusive province of the jury, and that's why the district court abused its discretion because ---- So you find that under your theory that he intended to attempt or evade a portion of his income tax payment? And that would be enough, wouldn't it, under 7201? No, Your Honor, because the element is the payment of the tax. And he paid the tax with the sale of the Corvette. And we also have to remember that there was affirmative evidence that when Mr. Fisher got behind on his taxes in the 1990s, he sold his assets, he paid off all of his debt, and put on affirmative evidence in 1999 alone that he made approximately $112,000 in tax payments. He was not a tax protester. He didn't file any false returns. And unlike Sansone, this was not an evasion of assessment case. This was an evasion of a payment case, which is very similar to Dattar. And Dattar does instruct this court that the lesser included offense should have been given, especially where in that case the taxpayer actually put assets in a trust so that the assets were not available for levy. Here the government eventually sold Mr. Fisher's home and his other assets and collected $210,000 in taxes. And I believe, Your Honor, that Mr. Fisher should have been allowed to present his theory of the defense to the jury so they could have weighed the evidence, not the district court. What's the difference in sentencing between 01 and 03? I think a little over a year on the misdemeanor, Your Honor. Well, one's a misdemeanor and the other one's a felony. That's correct. But I think his guideline range on the 72-03, because of the amount of loss, was relatively high, but he would do over a year. The difference is one year, right? Well, it may be more. I just know that it's not strictly just the misdemeanor here. There's some guidelines that would impact it. What's your response to the government's argument that so you prove payment of one concealed asset, but they've got all the admitted other affirmative acts? What's the jury supposed to do, acquit him on all of it based on one example, or does he have to refute it as to the many other lies? I understand, Your Honor. He did refute the other nondisclosed assets, and he provided a non-evasion reason for their sale. This was a case where Mr. Fisher had obligations to the state of Montana. He had living expenses and things of that nature. And like Dattar, he provided non-evasion reasons for that. And I believe the jury could have considered all of those facts, including the fact that he had gone through this in 1999 and paid off all of his taxes. That would be my response, Your Honor, that that affirmative evidence should have been weighed by the jury. Thank you very much. The case of United States v. Fisher will be marked submitted. Just for the record, I'm not related to this defendant.
judges: Fisher, Bea, Murguia